DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,             )
                                      )
          Plaintiff,                )
                                      )
      v.                             )    2:09-CV-1647-APG-(VCF)
                                      )
$49,205.27 IN UNITED STATES CURRENCY, )
                                      )
          Defendant.                )

**SETTLEMENT AGREEMENT FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO**
**$49,205.27 IN UNITED STATES CURRENCY AND ORDER**

       The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and Gregg Gariti and his counsel, Margaret M. Stanish, respectively, stipulate as follows:

       1.  This case is a civil forfeiture action seeking to forfeit $49,205.27 in United States Currency under 18 U.S.C. §§ 981(a)(1)(C) and 1955(d).

       2.  Gregg Gariti knowingly and voluntarily agrees to the civil judicial forfeiture of the $49,205.27 in United States Currency.

. . .

3.   Gregg Gariti knowingly and voluntarily agrees to forfeit the $49,205.27 in United States Currency to the United States.

4.   Gregg Gariti knowingly and voluntarily agrees to relinquish all right, title, and interest in the $49,205.27 in United States Currency.

5.   Gregg Gariti knowingly and voluntarily agrees to waive their right to any civil judicial forfeiture proceedings ("proceedings") concerning the $49,205.27 in United States Currency.

6.   Gregg Gariti knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $49,205.27 in United States Currency arising from the facts and circumstances of this case.

7.   Gregg Gariti knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $49,205.27 in United States Currency.

8.   Gregg Gariti knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $49,205.27 in United States Currency.

9.   Gregg Gariti knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the $49,205.27 in United States Currency.

10.   Gregg Gariti knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Civ. P. Supp. Rule A, C, E, and G, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $49,205.27 in United States Currency.

11.   Gregg Gariti knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $49,205.27 in United States Currency.

12.   Gregg Gariti knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution,

2

including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $49,205.27 in United States Currency.

13.  Gregg Gariti knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $49,205.27 in United States Currency to the United States.

14.  Gregg Gariti understands that the forfeiture of the $49,205.27 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on Gregg Gariti in addition to forfeiture.

15.  Gregg Gariti knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to Gregg Gariti and Order ("Settlement Agreement").

16.  Gregg Gariti knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, Homeland Security Investigations, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by Gregg Gariti or any third party arising out of the facts and circumstances of this case.

17.  Gregg Gariti knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of Homeland Security, Homeland Security Investigations, the Department of the United States Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Gregg Gariti now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18.  Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

19.  The Settlement Agreement contains the entire agreement between the parties.

. . .

3

20.   Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

21.   The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

22.   This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

23.   Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

24.   This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

4

1  one of the parties; it being recognized that both parties have contributed substantially and materially to

2  the preparation of this Settlement Agreement.

3          IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

4  cause for the seizure and forfeiture of the $49,205.27 in United States Currency.

5  DATED: _11 - 8 - 13_____                      DATED: _____

6  WRIGHT, STANISH, & WINCKLER              DANIEL G. BOGDEN
                                            United States Attorney
7

8  _____

9  MARGARET M. STANISH                      _____
   Counsel for GREGG GARITI                 DANIEL D. HOLLINGSWORTH
                                            Assistant United States Attorney
10 DATED: _____11/7/13_____

11

12  _____
   GREGG GARITI

13

14

15

16

17                                          IT IS SO ORDERED:

18

19

20                                          _____
                                            UNITED STATES DISTRICT JUDGE
21
                                            DATED: _December 18, 2013_____
22

23

24

25

26

                                            5

1    one of the parties; it being recognized that both parties have contributed substantially and materially to

2    the preparation of this Settlement Agreement.

3        IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

4    cause for the seizure and forfeiture of the $49,205.27 in United States Currency.

5    DATED: _____          DATED: _____ December 17, 2013 _____

6    WRIGHT, STANISH, & WINCKLER              DANIEL G. BOGDEN
                                              United States Attorney
7

8    _____          _____/s/Daniel D. Hollingsworth_____
     MARGARET M. STANISH                       DANIEL D. HOLLINGSWORTH
9    Counsel for GREGG GARITI                  Assistant United States Attorney

10   DATED: _____

11

12
     _____
13   GREGG GARITI

14

15

16

17                                           IT IS SO ORDERED:

18

19

20                                           _____
                                             UNITED STATES DISTRICT JUDGE
21
                                             DATED: _____ December 18, 2013 _____
22

23

24

25

26

                                        5