DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
U.S. Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *Daniel.hollingsworth@usdoj.gov*
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:09-CV-1647-APG-(VCF) |
| $49,205.27 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO $49,205.27 IN UNITED STATES CURRENCY AND ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE DEFENDANT PROPERTY IN THE ABOVE-ENTITLED ACTION**
**AND**
**FINAL JUDGMENT OF FORFEITURE AS TO GREGG GARITI**

The United States filed a verified Complaint for Forfeiture in Rem on October 11, 2013. Complaint, ECF No. 31. The Complaint (ECF No. 31) alleges the defendant property:

    a. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1084 and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

. . .

b. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1952(a)(1) and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

c. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1952(a)(3) and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

d. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e. was used in violation of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093 and are subject to forfeiture pursuant to 18 U.S.C. § 1955(d); and

f. constitutes or is derived from proceeds traceable to violations of Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, any act involving gambling which is charged under Nevada State Law and is punishable by imprisonment for more than a year, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

. . .

. . .

On October 15, 2013, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 33; Summons and Warrant, ECF No. 34.

Pursuant to the Order (ECF No. 33), the Complaint (ECF No. 31), the Order (ECF No. 33), the Summons and Warrant (ECF No. 34), and the Notice of Complaint for Forfeiture (ECF No. 37, p. 3-4) were served on the defendant property and all persons claiming an interest in the defendant property.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective verified claims. Complaint, ECF No. 31; Order for Summons and Warrant, ECF No. 33; Summons and Warrant, ECF No. 34; Notice of Complaint, ECF No. 37.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from October 18, 2013, through November 16, 2013. Notice of Filing Proof of Publication, ECF No. 36.

On December 13, 2013, the United States Customs and Border Protection Service, Fines, Penalties, and Forfeiture served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 37, p. 2-17.

On November 4, 2013, the Department of Homeland Security served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Gregg Gariti c/o Margaret M. Stannish, Attorney for Gregg Gariti, by personal service. ECF No. 37, p. 18-33.

On November 4, 2013, the Department of Homeland Security served the Complaint, the Summons and Warrant of Arrest in Rem for the Property, the Order, and the Notice on Margaret M. Stannish, Attorney for Gregg Gariti, by personal service. ECF No. 37, p. 34-49.

No claims were filed in this case.

On December 17, 2013, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to $49,205.27 in United States Currency and Order.  Gregg Gariti agreed to forfeit the $49,205.27 in United States Currency. Settlement Agreement, ECF No. 38.

On December 18, 2013, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Claimant, and Order. Order Granting Settlement Agreement, ECF No. 39.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On December 18, 2013, the United States filed a Motion for Entry of Clerk's Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action except Gregg Gariti. Motion for Entry of Clerk's Default, ECF Nos. 40-41.

On December 19, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action except Gregg Gariti. Entry of Clerk's Default, ECF No. 42.

The allegations of the Complaint are sustained by the evidence and should be adopted as findings of fact.  The Court should conclude as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against $49,205.27 in United States Currency and all persons or entities who claim an interest in the defendant property in the above-entitled action.

FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against Gregg Gariti.

. . .

. . .

. . .

. . .

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $49,205.27 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, including Gregg Gariti, whose rights and liabilities were forfeited by signing the Settlement Agreement For Entry of Judgment of Forfeiture as to $49,205.27 in United States Currency and Order.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE
Dated:  December 20, 2013